

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 14, 1949

Hon. George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-967.

Re: The legality of allowing
credit of a pro rata of ex-
amination fees against
gross premiums on health
and accident insurance
written by companies op-
erating under casualty
charters.

Dear Sir:

Your letter requesting our opinion relative to the above captioned matter reads as follows:

"Domestic life insurers, which may also write health and accident insurance, report and pay their annual premium taxes as provided by House Bill 472, 51st Legislature, which is Article 7064a, of Vernon's Statutes, and which includes the following allowance of cred-it on the gross taxes:
'....and provided further that the amount of all examination and valuation fees paid in such taxable year to or for the use of the State of Texas by any insurance organization hereby affected shall be allowed as a cred-it on the amount of premium taxes to be paid by any such insurance organization for such taxable year.'

"Insurers other than life may, and frequently do, write health and accident insurance along with their other lines of coverage. The premium taxes of these companies are reported and paid on their health and accident business under Article 7064a, and on the busi-ness transacted in all of the other lines under the pro-visions of Article 7064. In the examination of such companies no effort is made by this Department to al-locate and pro-rate the expense of examination into the health and accident portion of the company's business as distinguished from the business incident to the com-pany's other lines of insurance, nor do we think such

an allocation could be made with any reasonable degree
of accuracy. The company can only be examined as a
whole.

"One of the companies writing health and acci-
dent insurance along with other coverages under a cas-
ualty charter has inquired as to whether it will be per-
missible to pro-rate the examination expense on the
basis of the ratio which the taxable premiums received
from health and accident insurance bears to such pre-
miums received from the company's other lines of in-
surance. In view of the recency of the enactment of the
bill and the allowance of the examination fee deduction,
there is no departmental construction of the problem.

"We, therefore, respectfully request your opinion
as to whether companies other than life, writing health
and accident insurance may have the benefit of the ex-
amination fee deduction in Article 7064a. If your answer
is in the affirmative, please advise me whether the com-
pany may have as a deduction the entire examination
expense and if not, whether the proration suggested by
the company is allowable"

The portions of H. B. No. 472, Chapter 620, Acts 51st
Legislature, p. 1365, codified as Article 7064a, read:

"Every group of individuals, society, association,
or corporation (all of which shall be deemed included
in the term 'insurance organization' wherever used in
this Act) organized under the laws of this State and
transacting the business of life insurance, personal ac-
cident insurance, life and accident insurance, or health
and accident insurance for profit, or for mutual bene-
fit, or protection in this State shall on or before the
first day of March of each year file its annual statement
showing the gross amount of premiums collected dur-
ing the year ending December 31st, preceding, from
persons residing or domiciled in this State on policies
of insurance, and showing in separate columns the first-
year premiums and the renewal premiums collected on
such Texas policies, and each such insurance organiza-
tion, except local mutual aid associations, fraternal
benefit societies, and fraternal insurance associations
or societies that limit their membership to one (1) oc-
cupation, shall pay an annual tax of one per cent (1%)
of the gross amount of premiums collected during such
year from persons residing or domiciled in the State
of Texas on policies of insurance. . . . and provided

further that the amount of all <u>examination</u> and valuation fees paid in such taxable year <u>to or for the</u> use of the <u>State</u> of Texas by any insurance organization <u>hereby</u> affected shall be allowed as a credit on the <u>amount</u> of <u>premium</u> taxes to be paid by any such insurance organization for such taxable year." (Emphasis ours.)

The above quoted portions of Article 7064a are plain and unambiguous and therefore not susceptible to construction. The statute unequivocally provides that domestic insurance companies who transact the business of life insurance, personal accident insurance, life and accident insurance, <u>or</u> health and accident insurance shall be allowed the amount of <u>money</u> paid for examination fees during any taxable year to or for the use of the State of Texas as a credit on the amount of premium taxes to be paid during that taxable year.

You state that domestic insurance companies other than life insurance companies may and frequently do write health and accident insurance along with their other lines of coverage. These companies, other than life, who also write health and accident insurance, come clearly within the terms of the quoted proviso, in so far as the premium taxes to be paid on the writing of the health and accident insurance are concerned. The Legislature did not make any provision relative to prorating the credit. Of course the credit to be taken by the companies in question can only be allowed as against the premium taxes levied under Article 7064a, and cannot be allowed as against the premium taxes levied under Article 7064.

SUMMARY

Domestic insurance companies who write insurance upon which premium taxes are levied under Article 7064a, V.C.S., are entitled to a credit, as against the premium taxes levied during a taxable year, to an amount equal to the amount of all examination fees paid in such taxable year to or for the use of the State of Texas. This credit cannot be allowed as against premium taxes levied under Article 7064, V.C.S.

Yours very truly

APPROVED

*Price Daniel*

ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By *W. V. Geppert*

W. V. Geppert
Assistant

WVG/mwb